## Case No. 10,336.

### NORTHWESTERN FERTILIZING CO. v. HYDE PARK.

[3 Biss. 480; [1] 5 Chi. Leg. News, 313.]

Circuit Court, N. D. Illinois.    March, 1873.

JURISDICTION—CORPORATION A "PERSON"—ACT OF
APRIL 20, 1871—WRONGS BY AND TO
CORPORATION.

1. A corporation is included in the word "person," in the act of April 20, 1871 [17 Stat. 13]. [Cited in Railroad Tax Cases, 13 Fed. 759.]

2. The fact that persons hold their rights or property under the name of a corporation does not deprive them of the right and remedies conferred by law and the constitution.

3. Where the statute gives a remedy for a wrong if done by a corporation, the same right is given if the wrong is done to the corporation.

This was a bill in equity filed by the Northwestern Fertilizing Company against the town of Hyde Park and its corporate officers and agents, to restrain them from interfering with what were claimed to be its chartered rights, by the passage and enforcement of certain town ordinances then passed or threatened. This company was organized under a special statute of the legislature of the state of Illinois, passed March 8, 1867 (1 Priv. Laws 1867, p. 927), granting to certain parties the right to manufacture a fertilizer out of the offal of the animals slaughtered in the city of Chicago. [The act created a corporation and authorized the location of the manufactory.] [2]   Under this act they located their works about twelve miles south of the city of Chicago, on the Calumet river, near its mouth, and commenced the manufacture of the fertilizing material. The place at that time was not within the corporate limits of the town of Hyde Park, but was afterwards included within them, and the authorities of the town were proceeding against the works as a nuisance, and endeavoring by town ordinances and police regulations to stop their operations or compel them to be carried on in such a way as not to be offensive to residents of the neighborhood. The defendants moved to dismiss the bill on the ground of want of jurisdiction of the court.

Bentley, Swett & Quigg and Beckwith, Ayer & Kales, for complainant.

Hitchcock, Dupee & Evarts, Sidney Smith, and Leaming & Thompson, for defendants.

DRUMMOND, Circuit Judge.    The question is, whether this court has jurisdiction of the bill. There is no doubt that, under the decisions of the supreme court of the United States, when a state creates a private corporation, and clothes certain persons with rights under the charter, that it may be to some extent a contract protected

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [From 5 Chi. Leg. News, 313.]

by the constitution of the United States. While there has been more or less of a struggle in relation to that, still it must be considered the settled law of the supreme court of the United States, and, of course, is the law of this court; and, therefore, the charter granted by the legislature of Illinois, in March, 1867, to the persons constituting the Northwestern Fertilizing Company must be considered in some respects in the nature of a contract which the legislature had no right by subsequent laws to interfere with. And where any constitutional right is sought to be affected by the legislation of a state, it is competent for congress in such case to clothe the federal courts with original jurisdiction, or with jurisdiction by transfer from the state courts.

The first section of the act of the 20th April, 1871 (17 Stat. 13), declares "that any person who, under color of any law, statute, ordinance, regulation, custom or usage of any state shall subject, or cause to be subjected any person within the jurisdiction of the United States, to the deprivation of any rights, privileges, or immunities, secured by the constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage to the contrary notwithstanding, be liable to the party injured, in any action at law, suit in equity, or other proper proceeding for redress."

One of the objections made to the jurisdiction of the court is that this law refers to persons, and it is said they must be natural persons, and that—this being a statute passed under the provisions of the fourteenth amendment of the constitution—congress did not intend to include corporations by this language; and this objection is certainly not without force. But I am inclined to think that it ought not to prevail, provided certain facts appear in the case to show that they are persons who have "rights, privileges or immunities secured by the constitution," and which are affected "by color of any law, statute, ordinance, regulation, custom, or usage of any state." It seems to me that the fact that these persons hold their rights or property under the name of a corporation, cannot deprive them of the rights and remedies which the constitution and the law sought to confer. It is true that the supreme court of the United States has decided, in the case of Paul v. Virginia, 8 Wall. [75 U. S.] 168, that where the constitution declared that the citizens of each state shall have the same immunities and privileges as the citizens of the several states; that is to say, there should be no law of discrimination made by any state against the citizens of another state; that meant persons and not corporations, and, therefore, that it did not prevent a state from declaring that a corporation of another state should not have the right to transact business except on special terms, as by obtaining a license. In that case, and in the

one that went up from this state, Ducat v. Chicago, 10 Wall. [77 U. S.] 410, the state imposed upon a foreign corporation certain restrictions as conditions precedent to the transaction of business in the state, and the corporators endeavored to protect themselves under the principle that they were, as a corporation, a citizen of the United States, and therefore, they had the same immunities as the citizens of the state which attempted to impose penalties or burdens upon them different from those that were imposed upon the citizens of those states. In that case, the court held that these acts of the state were within the authority of the constitution, and that they did not violate that provision, because the language referred to citizens—to persons, and not to corporations; and although it was true that for the purpose of the jurisdiction of the federal courts, a corporation was a citizen, still it was not true that they were protected in the same way precisely as a natural person who was a citizen of another state.

It is to be observed that the question in this case is whether the court has jurisdiction in order to protect the rights of the corporation and its property, and therefore, the rights, privileges and property of the persons who constitute the corporation. It is then a question of jurisdiction here, and in the same way as it was a question of jurisdiction whether a corporation was a citizen within the meaning of that term in the constitution, so as to authorize the federal courts to take jurisdiction in controversies between a corporation and an individual. It seems to me it would be "sticking in the bark" to hold that the rights of a person in relation to his property should be protected under these provisions of the constitution and law where he was simply an individual, and the rights of the same person as to property, as a member of a corporation, should not also be protected. Why, for example, if a corporation as such, under color of any law, statute, ordinance, regulation, custom or usage, should subject or cause to be subjected any person within the jurisdiction of the United States to the deprivation of any rights, privileges or immunities secured by the constitution of the United States, should not the individual have redress against the corporation? And yet the language of the law is "a person," and not a corporation. Why should a party be protected if the wrong was done by a person, and not protected if it was done by a corporation, where it is a question as to the jurisdiction of a court? Why, in other words, cannot the court treat a corporation, if that does the wrong, as a person, precisely as the courts have always treated a corporation as a citizen, for the purpose of maintaining jurisdiction where rights are affected? It seems to me if the bill shows that the rights of the corporators are affected within the terms of this law they may seek the redress which is there pointed out. They claim that as individuals constituting the corporation, they possess certain privileges secured by the constitution of the United States, of which they are to be deprived, or which are to be affected under color of a law, statute, ordinance, regulation, custom or usage, within the terms of this provision of the law, and, inasmuch as I think where if the wrong was done by a corporation there would be a remedy under the statute, I also think that where the wrong is done to the corporation (or the individuals of which it is composed), the same right is given to the corporation. See act of February 25, 1871, § 2 (16 Stat. 431).

The statute of April 20, 1871, declares that such proceedings are to be prosecuted in the several district or circuit courts of the United States with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in said courts. I think, therefore, upon a proper showing, a bill may be maintained in this court by the Northwestern Fertilizing Company. Motion to dismiss overruled.

[NOTE. This cause was again before the courts when John Gaughan, a property owner in the town of Hyde Park, sought to restrain the Northwestern Fertilizing Company from carrying on its business. It was heard on motion by complainant to remand the cause to the state court. The motion was granted. Case No. 5,272. The whole matter was considered in the supreme court in the case of Northwestern Fertilizing Co. v. Hyde Park, in error to the supreme court of the state of Illinois. Here the judgment of the state court against the company was affirmed. 97 U. S. 659.]