ANGLO–AMERICAN PROVISION CO. v. DAVIS PROVISION CO. et al.

(Circuit Court, S. D. New York. November 17, 1900.)

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—RIGHTS UNDER CON-
STITUTION AND LAWS OF UNITED STATES.

Where the effect of a state statute limiting the right of foreign cor-
porations to sue in its courts is to deprive a corporation of another state
of the equitable right to set off against a judgment rendered against
it in such courts a judgment in its favor against the plaintiff therein,
rendered in another state, such corporation is deprived of its constitu-
tional right to have full faith and credit given to such judgment, and
also of the right to the full and equal benefit of all laws and proceedings
given it by Rev. St. § 1977; and under section 1979 and section 629, subd.
16, a circuit court of the United States has jurisdiction to afford it appro-
priate relief.[1]

In Equity. On demurrer to bill.

Henry Wilson Bridges, for plaintiff.
Frank E. Smith, for defendants.

WHEELER, District Judge. These corporations are both of the
state of Illinois. The bill alleges, in short substance, that the plain-
tiff, in 1899, recovered judgment against the defendant, the Davis
Provision Company, in Illinois, for $5,049.98, no part of which has
been paid, and that the defendant is insolvent; that defendant has
recovered judgment arising out of the same transactions against
the plaintiff and its surety on an appeal bond in New York for
$9,678.64; and that the plaintiff has brought suit in the state court
of New York to have its judgment set off against the defendant's
judgment, which has been denied because of section 1780 of the
Code of Civil Procedure, which provides that:

"An action against a foreign corporation may be maintained by another
foreign corporation, or by a non-resident, in one of the following cases only:
(1) Where the action is brought to recover damages for the breach of a
contract made within the state, or relating to property situated within the
state, at the time of the making thereof. (2) Where it is brought to recover
real property situated within the state, or a chattel, which is replevied within
the state. (3) Where the cause of action arose within the state, except where
the object of the action is to affect the title to real property situated without
the state."

The constitution of the United States provides (article 4):

"Section 1. Full faith and credit shall be given in each state to the public
acts, records and judicial proceedings of every other state. And the con-
gress may by general laws prescribe the manner in which such acts, records
and proceedings shall be proved, and the effect thereof."

And the laws of the United States provide by the Revised Stat-
utes:

"Sec. 1977. All persons within the jurisdiction of the United States shall
have the same right in every state and territory to make and enforce con-
tracts, to sue, be parties, give evidence, and to the full and equal benefits
of all laws and proceedings for the security of persons and property as is
enjoyed by white citizens."

---

[1] Jurisdiction in cases involving federal questions, see notes to Bailey v.
Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol.
Copper & Silver Min. Co., 35 C. C. A. 7.

"Sec. 1979. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

And by section 629 that the circuit courts shall have jurisdiction:

"Sixteenth. Of all suits authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage of any state, or any right, privilege, or immunity secured by the constitution of the United States, or of any right secured by any law providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

This suit is brought for the deprivation of the right to have these judgments, which are, according to the allegations of the bill, in effect mutual, set off against each other in New York. The bill is demurred to for want of jurisdiction and of equity, and the cause has now been heard upon the demurrer.

That these judgments are, upon these allegations, proper subjects of equitable offset upon general principles of law, is not, and could not well be, much disputed; but the principal argument against the bill is based upon the idea that it is brought to review the decision of the state court. This is not, however, the theory of the bill at all, as it is now here understood. The decision of the state courts may have been entirely correct under that law of the state limiting the right of a foreign corporation to sue in those courts; but, whether correct or mistaken, the plaintiff has been deprived of its right of offset under color of that statute of the state; and this suit is not at all framed to review in any way the judgment by which this was done, but for independent relief under these laws of the United States, provided for because of that statutory deprivation. The state may have the right to exclude foreign corporations from its courts, or to limit suits by them there (Pembina Consol. Silver Min. & Mill. Co. v. Pennsylvania, 125 U. S. 181, 8 Sup. Ct. 737, 31 L. Ed. 650), but then that exclusion or limitation, if of a right secured by the constitution and laws, may afford ground for the relief deprived of in the courts of the United States. Full faith and credit to the Illinois judgment is not only not given to the plaintiff in New York, but the plaintiff is deprived of the right, by being deprived of the right to sue, to have any faith or credit whatever given there to that judgment. The right of equitable offset arises under the general principles of law, but the right to have it done in this manner arose under the constitution and laws of the United States. Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807; Northwestern Fertilizing Co. v. Hyde Park, 3 Biss. 480, Fed. Cas. No. 10,336. Demurrer overruled; defendants to answer over by December 10th.